HARROUN REAL ESTATE COMPANY, Appellant, v. W. F. DAVIS et al., Respondents.

Kansas City Court of Appeals, January 16, 1911.

1. ACCOUNTS: Another's Debt. Plaintiff sued on account for coal and feed bought by one Bradbury, who was the owner of sheep kept on the property of defendant Davis. Former accounts, when presented to Bradbury, were O. K'd by him, and he directed that they be taken to Davis, who paid them. *Held*, that the action of Davis in paying former accounts did not make him liable for the subsequent ones.

2. ————: ————: Statute of Frauds. Because A was in the habit of paying to B the debts of C does not render A liable for C's future debts. Under the Statute of Frauds one cannot be made to pay the debts of another, unless there is an agreement in writing to do so.

Appeal from Buchanan Circuit Court.—*Hon. C. A. Mosman,* Judge.

AFFIRMED.

A. *Bowers* for appellant.

*James W. Boyd* for respondents.

BROADDUS, P. J.—This is a suit upon three several accounts for coal, alfalfa hay and other kinds of feed.

The plaintiff on its own account sold and delivered upon the order of J. Rex Bradbury, who was made a party to the suit but not served with a summons, a quantity of alfalfa hay. A Mr. Feuquay sold, on the order of the said Bradbury, hay and other feed, and a Mr. Ellenringer sold and delivered to the said Bradbury coal and feed. The two latter claims were transferred to plaintiff.

The undisputed facts are that the said Bradbury was the owner of a lot of sheep which were kept on the property of the defendant Davis. On the property there was a barn in which Bradbury kept his office. The coal was used by him in his office and the hay and other feed was fed to his sheep. In the fall and winter of 1908, the parties mentioned sold and delivered on the order of said Bradbury at different times coal and feed. When the accounts for these articles were presented to Bradbury he O. K'd them in the language of the witnesses and directed that they be taken to the defendant Davis who paid them. Later, however, when the ones in controversy were presented to defendants they refused to pay them.

The court at the close of plaintiff's testimony directed a verdict for defendants. From the judgment plaintiff appealed.

Although the articles were bought by Bradbury and used for his benefit the plaintiff contends that defend-

ants by their course of dealing are estopped from denying their liability to him for their value. We do not think so. It cannot be said that because A was in the habit of paying to B the debts of C, that he thereby rendered himself liable for his future debts. It may have been in this instance that defendants had an agreement to advance a certain amount to Bradbury in caring for his sheep and that the agreed amount had been exhausted by payment of demands on him at the time of the creation of the debts in suit. There was no evidence whatever that defendants at any time agreed to pay any of these claims. Under the statute they would not be liable for the debts of Bradbury unless the contract was in writing signed by them, because it was not their debt. The goods were not sold and delivered to them, and there is nothing to show that it was sold to Bradbury on their credit. The accounts were charged to Bradbury and not to defendants. The action of the court was proper, and the cause is affirmed. All concur.